UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1)  DANIEL LOUGHMAN, a/k/a "SWISS,"<br>(2)  JAMES SNOW, a/k/a "TANK,"<br>(3)  DANIELLE STEENBRUGGEN, a/k/a "DANIELLA," and<br>(4)  JAMES ADAMS, a/k/a "JIMMY,"<br><br>Defendants | Criminal No. 24-cr-10121-ADB<br><br>Violations:<br><br>Count One: Possession with Intent to Distribute 50 Grams and More of Methamphetamine<br>(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii))<br><br>Count Two: Conspiracy to Distribute and to Possess with Intent to Distribute 50 Grams and More of Methamphetamine<br>(21 U.S.C. § 846)<br><br>Counts Three and Four: Possession with Intent to Distribute, and Distribution of, 50 Grams and More of Methamphetamine<br>(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii))<br><br>Count Five: Engaging in the Business of Dealing in Firearms Without a License<br>(18 U.S.C. § 922(a)(1)(A))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation:<br>(18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)) |

SUPERSEDING INDICTMENT

COUNT ONE
Possession with Intent to Distribute 50 Grams and More of Methamphetamine
(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii))

The Grand Jury charges:

On or about March 6, 2024, in Wakefield, in the District of Massachusetts, the defendant,

(1)  DANIEL LOUGHMAN, a/k/a "SWISS,"

knowingly and intentionally possessed with intent to distribute 50 grams and more of

1

methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

COUNT TWO
Conspiracy to Distribute and to Possess with Intent to
Distribute 50 Grams and More of Methamphetamine
(21 U.S.C. § 846)

The Grand Jury further charges:

Beginning on a date unknown to the Grand Jury, but no later than on or about October 5, 2023, and continuing through at least on or about March 6, 2024, in the District of Massachusetts, and elsewhere, the defendants,

(1) DANIEL LOUGHMAN, a/k/a "SWISS,"
(2) JAMES SNOW, a/k/a "TANK,"
(3) DANIELLE STEENBRUGGEN, a/k/a "DANIELLA," and
(4) JAMES ADAMS, a/k/a "JIMMY,"

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute methamphetamine, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count Two involved 50 grams and more of methamphetamine, a schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to this Count.

It is further alleged that, with respect to Count Two, 50 grams and more of methamphetamine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) DANIEL LOUGHMAN, a/k/a "SWISS," (2) JAMES SNOW, a/k/a "TANK," (3) DANIELLE STEENBRUGGEN, a/k/a "DANIELLA," and (4) JAMES ADAMS, a/k/a "JIMMY." Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to (1) DANIEL LOUGHMAN, a/k/a "SWISS," (2) JAMES SNOW, a/k/a "TANK," (3) DANIELLE STEENBRUGGEN, a/k/a "DANIELLA," and (4) JAMES ADAMS, a/k/a "JIMMY."

All in violation of Title 21, United States Code, Section 846.

COUNT THREE
Possession with Intent to Distribute, and Distribution of,
50 Grams and More of Methamphetamine
(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii))

The Grand Jury further charges:

On or about December 7, 2023, in Byfield, in the District of Massachusetts, the defendants,

       (3)     DANIELLE STEENBRUGGEN, a/k/a "DANIELLA," and
       (4)     JAMES ADAMS, a/k/a "JIMMY,"

knowingly and intentionally possessed with intent to distribute, and distributed, 50 grams and more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

## COUNT FOUR
Possession with Intent to Distribute, and Distribution of,
50 Grams and More of Methamphetamine
(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii))

The Grand Jury further charges:

On or about December 28, 2023, in Wakefield, in the District of Massachusetts, the defendant,

    (2)    JAMES SNOW, a/k/a "TANK,"

knowingly and intentionally possessed with intent to distribute, and distributed, 50 grams and more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

## COUNT FIVE
Engaging in the Business of Dealing in Firearms Without a License
(18 U.S.C. § 922(a)(1)(A))

The Grand Jury further charges:

In and around January and February 2024, in Tewksbury, Woburn, and Burlington, in the District of Massachusetts, and elsewhere, the defendant,

    (2)    JAMES SNOW, a/k/a "TANK,"

not being a licensed importer, manufacturer or dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, did willfully engage in the business of dealing in firearms, including the following:

    a. a Colt model 1908, .380 caliber pistol, bearing serial number 4179;

    b. a Smith and Wesson, Model 559, 9mm caliber pistol, bearing serial number A755063;

    c. a Springfield Armory, model XD 5, .45 caliber pistol, bearing serial number HG115035; and

    d. a Taurus, model 38 Special, .38 caliber revolver, bearing serial number QI28648.

All in violation of Title 18, United States Code, Section 922(a)(1)(A).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1. Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Sections 841 and 846, set forth in Counts One through Four, the defendants,

    (1)    DANIEL LOUGHMAN, a/k/a "SWISS,"
    (2)    JAMES SNOW, a/k/a "TANK,"
    (3)    DANIELLE STEENBRUGGEN, a/k/a "DANIELLA," and
    (4)    JAMES ADAMS, a/k/a "JIMMY,"

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. The property to be forfeited includes, but is not limited to, the following assets:

    a. $588 in U.S. currency, seized on March 6, 2024 in Wakefield, Massachusetts.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants -

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

3.  Upon conviction of the offense in violation of Title 18, United States Code, Section 922, set forth in Count Five, the defendant,

(2)  JAMES SNOW, a/k/a "TANK,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

   a. a Colt model 1908, .380 caliber pistol, bearing serial number 4179;

   b. 31 rounds of .380 ammunition;

   c. a Smith and Wesson, Model 559, 9mm caliber pistol, bearing serial number A755063;

   d. a Springfield Armory, model XD 5, .45 caliber pistol, bearing serial number HG115035;

   e. a Taurus, model 38 Special, .38 caliber revolver, bearing serial number QI28648; and

   f. 40 rounds of .45 caliber ammunition.

4.  If any of the property described in Paragraph 3, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 3 above.

      All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

/s/ Peter J. Matthews
FOREPERSON

/s/ John T. Dawley, Jr.
JOHN T. DAWLEY, JR.
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: SEPTEMBER  18  , 2024
Returned into the District Court by the Grand Jurors and filed.

    /s/ Dawn M. King 12:22pm
DEPUTY CLERK