UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

                                     NO. 24-CR-10121-FDS

   v.

DANIEL LOUGHMAN, et al.,
Defendants.

<u>ORDER ON EXCLUDABLE DELAY</u>

KELLEY, U.S.M.J.

     Defendants had an interim status conference scheduled for February 4, 2025. The parties filed a joint status report indicating that defendants and the government request that the case be continued for a further interim status conference. (#84.) The case is continued for a final status conference to April 11, 2025, at 10:30 a.m. by zoom.

     With the assent of the parties, it is hereby ORDERED that, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A), interests of justice, the case will be continued and time will be excluded under the Speedy Trial Act so that the defendants may continue preparing for the disposition of their cases.  The Clerk of this Court shall enter excludable time for the period from February 4, 2025, up to and including April 11, 2025.[1]

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The

/s/ M. Page Kelley
M. PAGE KELLEY
United States Magistrate Judge

---

parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).