UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

                                                NO. 24-cr-10121-FDS

    v.

DANIEL LOUGHLIN,
JAMES SNOW, and
JAMES ADAMS,
Defendants

ORDER ON EXCLUDABLE DELAY

KELLEY, U.S.M.J.

Defendants had a final status conference today, August 4, 2025. Defendant Loughlin has just retained an attorney in the recent past. All defendants asked for one additional date to continue preparing the case. The case is continued for a further final status conference to October 7, 2025 at 10:00 a.m. by zoom.

With the assent of the parties, the Court finds that the interests of justice in this case, *i.e.*, to allow the parties time to preparefor the R. 11 hearing, outweigh the best interests of the public and defendants for a trial within seventy days of the date of indictment. Accordingly, it is hereby ORDERED that, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A), the Clerk of this Court enter excludable time for the period from August 4, 2025, up to and including October 7, 2025.[1]

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate

          /s/ M. Page Kelley
          M. PAGE KELLEY
          United States Magistrate Judge

---

judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).